UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04-cv-402

| | |
|---|---|
| LEAD TECHNOLOGIES, INC., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ACQUIRO MEDICAL SYSTEMS, INC. )<br>      Defendant. )<br>) | ORDER |

**Final Judgment Upon Consent**

Plaintiff LEAD Technologies, Inc. ("LEAD"), having filed a Complaint in this action against Defendants Acquiro Medical Systems, Inc. ("Acquiro"), and Gabriel E. Pislaru ("Pislaru"), alleging copyright infringement, breach of contract, unjust enrichment, and unfair competition, and the parties desiring to settle the controversy between them without either party admitting any liability or wrongdoing, it is ORDERED, ADJUDGED, and DECREED as among the parties hereto that:

1. This Court has jurisdiction over the parties to this action, and has jurisdiction over the subject matter hereof pursuant to 28 U.S.C. § 1331, 1338(a and b), and 1367(a).

2. Plaintiff LEAD is the owner of copyrights and all rights to the LEADTOOLS line of products, including but not limited to the most recent LEADTOOLS Medical Imaging Suite SDK, Versions 13 and 14, as well as MiPACs software. Plaintiff LEAD has valid and enforceable rights under its copyrights.

3. Plaintiff LEAD is the owner of U.S. Copyright Registration No. TX- 6-013-580 for MiPACs Version 1, U.S. Copyright Registration No. TX 6-0190226 for LEADTOOLS Medical

Imaging Suite SDK, Version 13, and U.S. Copyright Registration No. TX 6-016-715 for LEADTOOLS Medical Imaging Suite SDK, Version 14. Each registration is valid and subsisting and is in full force and effect, and the copyrights have never been abandoned.

4. Plaintiff LEAD and Defendant Pislaru are parties to the August 1, 1997 employment agreement and the January 2, 2001 employment agreement, both of which have been terminated.

5. Defendant Acquiro was dissolved on February 4, 2005.

6. Defendants and Defendant Acquiro's officers, agents, servants, employees, and attorneys, and all persons in active concert and participation with them, are permanently restrained and enjoined from the following actions:

(a) Using Image Viewer, Image Archive, MiPACs Version 1, LEADTOOLS Medical Imaging Suite SDK, Versions 13 or 14, or otherwise any software that infringes any copyright rights or any other intellectual property rights owned by LEAD;

(b) Manufacturing, distributing, advertising, promoting, importing, offering for sale, holding for sale, or selling Image Viewer, Image Archive, MiPACs Version 1, LEADTOOLS Medical Imaging Suite SDK, Versions 13 or 14, or otherwise any software that infringes any copyright rights or other intellectual property rights owned by LEAD;

(c) Using any software that infringes any copyright rights or other intellectual property rights in Plaintiff LEAD's LEADTOOLS line of products, including but not limited to MiPACs Version 1, LEADTOOLS Medical Imaging Suite SDK, Versions 13 and 14, without authorization by LEAD;

(d) Manufacturing, distributing, advertising, promoting, importing, offering for sale, holding for sale, or selling any software that infringes any copyright rights or any other intellectual property rights in Plaintiff LEAD's LEADTOOLS line of products, including

but not limited to MiPACs Version 1, LEADTOOLS Medical Imaging Suite SDK, Versions 13 and 14, without authorization by LEAD;

(e) Making any representations that the services or products offered by Acquiro, Pislaru, or any other third party are sponsored by, authorized by, or in any way associated with LEAD, or that Acquiro, Pislaru, or any other third party are connected with, associated with, or sponsored by LEAD;

(f) Infringing LEAD's patents, trademarks, copyrights, or other intellectual property rights;

(g) Breaching the employment agreements between LEAD and Pislaru, including without limitation, using or disclosing any LEAD confidential information or trade secrets.

7. The terms of the settlement agreement between LEAD, Acquiro, and Pislaru are incorporated by reference into this agreement.

8. The parties have agreed to bear their own expenses and attorneys' fees.

9. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this judgment, the enforcement thereof, and the punishment of any violations thereof.

SO ORDERED.

Signed: January 9, 2008

Robert J. Conrad, Jr.
Chief United States District Judge